UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Cynthia Landaker, et al., | No. 2:19-cv-00987-KJM-JDP |
| Plaintiffs, | ORDER |
| v. | |
| Eaton Corporation, et al., | |
| Defendants. | |

The matter is before the court on the defendants' motions for summary judgment. ECF Nos. 96, 100. The court held a hearing by videoconference on November 6, 2020. Richard Brody and Ronald Shingler appeared for the plaintiff. Charles Park appeared for defendant Foster Wheeler, LLC. Jane Yee appeared for defendant Eaton Corporation. **The motions are denied**.

A court may grant summary judgment only if "no genuine dispute as to any material fact" remains unresolved and "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The "threshold inquiry" is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Here, several genuine disputes of material fact remain unresolved.

First, it is disputed whether exposure to the defendants' products was a "substantial factor in contributing to the aggregate dose of asbestos the . . . decedent inhaled or ingested."

1

*Rutherford v. Owens-Illinois, Inc.*, 16 Cal. 4th 953, 976–77 (1997) (emphasis omitted). As to the claims against Eaton, a reasonable fact-finder could conclude Mr. Landaker worked with Cutler-Hammer motor controllers and circuit breakers and was exposed to asbestos in excess of ordinary levels as a result. As to the claims against Foster Wheeler, the plaintiffs could not prevail with evidence about the U.S.S. *Halsey* or U.S.S. *John S. McCain* alone. *See Andrews v. Foster Wheeler LLC*, 138 Cal. App. 4th 96, 108–12 (2006). But a reasonable fact-finder could conclude that exposure to Foster Wheeler products abord the USS *Henderson* was a substantial factor in contributing to Landaker's asbestos-related cancer.[1]

Second, the record discloses factual disputes only a jury can resolve in determining whether Foster Wheeler and Eaton are entitled to the affirmative "military contractor" defense described in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988). These defendants have not proven "no reasonable jury could fail to find that the defense had been established." *Snell v. Bell Helicopter Textron, Inc.*, 107 F.3d 744, 746 (9th Cir. 1997). Among other things, they have not established beyond controversy that "the United States approved reasonably precise specifications" of the products at issue. *Boyle*, 487 U.S. at 512; *see also Snell*, 107 F.3d at 747–48.

Third, it remains to be seen whether Foster Wheeler can prevail under the so-called "bare metal" defense under federal maritime law, to the extent that law applies here. *See Air & Liquid Sys. Corp. v. DeVries*, 139 S. Ct. 986, 991 (2019). It is disputed (1) whether Foster Wheeler's product required incorporation of a part, (2) whether Foster Wheeler knew or had reason to know the integrated product was likely to be dangerous for its intended uses, and (3) whether Foster Wheeler had no reason to believe the product's users would realize that danger. *See id.* Nor can Foster Wheeler prevail at this stage under the applicable California law. *See O'Neil v. Crane Co.*, 53 Cal. 4th 335, 342 (2012). The plaintiffs have cited testimony that, if credible and not

/////

---

[1] The court declines to exclude evidence about the U.S.S. *Henderson* as a sanction for nondisclosure under Rules 26 and 37. *See* Foster Wheeler Reply at 2–3, ECF No. 108. The record does not reveal any willfulness, fault or bad faith on the part of the plaintiff or her counsel. *See R & R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1247 (9th Cir. 2012).

excluded, would establish that asbestos was installed within Foster Wheeler boiler components, including in the boilers of the USS *Henderson*.

Moreover, the defendants may not rely on the "sophisticated user" defense under *Johnson v. American Standard, Inc.*, 43 Cal. 4th 56 (2008), i.e., that they are not liable for giving inadequate warnings about the dangers of asbestos because their customer, the Navy, knew more about the dangers of asbestos than they did. The Navy is not the plaintiff here. Its former employee is the plaintiff. And the California Court of Appeal has expressly declined to extend *Johnson* to employees of sophisticated users. *See Pfeifer v. John Crane, Inc.*, 220 Cal. App. 4th 1270, 1280 (2013) ("[T]he trial court correctly declined to give [the defendant's] requested instructions on its 'sophisticated user' defense, which stated that employees of a sophisticated user are deemed to be sophisticated users."). This court is bound to follow that decision absent "convincing evidence" the California Supreme Court "likely would not follow it." *Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 994 (9th Cir. 2007). The defendants have not presented such convincing evidence.

For these reasons, the motions for summary judgment are **denied**.

A status conference regarding trial setting is set for **August 5, 2021 at 2:30 p.m**.

**Within fourteen days**, the parties shall meet and confer and file a joint statement informing the court (1) whether any party objects to referral to a settlement conference before the assigned magistrate judge or another judge of this court; (2) whether the parties stipulate to conducting a trial in this matter by remote means; and (3) if any party has demanded a jury trial, whether the parties stipulate to withdrawing that demand and conducting a bench trial.

This order resolves ECF Nos. 96 and 100.

IT IS SO ORDERED.

DATED: February 10, 2021.

CHIEF UNITED STATES DISTRICT JUDGE